UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BRENT ADLER, | No. 2:15-cv-0789 CKD P |
| Plaintiff, | |
| v. | ORDER |
| M. D. McDONALD, et al., | |
| Defendants. | |

Plaintiff is a former state prisoner proceeding pro se. Plaintiff seeks relief pursuant to 42 U.S.C. § 1983 and has paid the filing fee. This proceeding was referred to this court by Local Rule 302 pursuant to 28 U.S.C. § 636(b)(1). Before the court for screening is the complaint filed April 10, 2015. (ECF No. 1.)

I. Screening Standard

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th

1

Cir. 1984). The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. Neitzke, 490 U.S. at 327. The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis. See Jackson v. Arizona, 885 F.2d 639, 640 (9th Cir. 1989); Franklin, 745 F.2d at 1227.

In order to avoid dismissal for failure to state a claim a complaint must contain more than "naked assertions," "labels and conclusions" or "a formulaic recitation of the elements of a cause of action." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555-557 (2007). In other words, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements do not suffice." Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009). Furthermore, a claim upon which the court can grant relief has facial plausibility. Twombly, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 129 S. Ct. at 1949. When considering whether a complaint states a claim upon which relief can be granted, the court must accept the allegations as true, Erickson v. Pardus, 127 S. Ct. 2197, 2200 (2007), and construe the complaint in the light most favorable to the plaintiff, see Scheuer v. Rhodes, 416 U.S. 232, 236 (1974).

II. Allegations

Plaintiff alleges that, between October 31, 2011 and December 11, 2011, when he was confined at High Desert State Prison, defendant Anderson, a prison employee, "turned off all plumbing to the Plaintiff's living quarters which then created a living area filled with sewer material," including solid waste. (ECF No. 1 at 2.) Plaintiff alleges that Anderson did so with the "intent to subject the Plaintiff to cruel and unusual punishment" and refused plaintiff's requests to "have the plumbing and electricity reactivated" in his living quarters. (Id. at 2-3.) In December 2011, plaintiff was transferred to a different facility. (Id. at 3.) In sum, he was "placed in an unsanitary condition for months and deprived of plumbing and electricity[.]" (Id. at 4.)

Plaintiff further alleges that defendants McDonald, Gower, Davey, and Chapman failed to supervise and control Anderson. (Id.) Defendants Harrison and Nelson retaliated against plaintiff

for filing a staff complaint against Anderson.  (Id.)  Anderson "gave false information to the investigators" of plaintiff's staff complaint, denying there were witnesses who saw Anderson disconnecting plaintiff's plumbing and electricity.  (Id.)  Finally, all defendants "acted and conspired" to deprive plaintiff of his constitutional rights.  (Id.)

III.  Analysis

"[T]he Eighth Amendment's ban of cruel and unusual punishment prohibits conditions of confinement that pose unreasonable threats to inmates' health."  McKinney v. Anderson, 924 F.2d 1500, 1507 (9th Cir.1991).  "Persons involuntarily confined by the state have a constitutional right to safe conditions of confinement."  Hoptowit v. Spellman, 753 F.2d 779, 784 (9th Cir. 1985).  To state an Eighth Amendment claim of cruel and unusual punishment, a prisoner must demonstrate that prison officials were deliberately indifferent to the allegedly unconstitutional prison conditions.  Wilson v. Seiter, 111 S. Ct. 2321, 2326 (1991).  Here, plaintiff's allegations state an Eighth Amendment claim against defendant Anderson.

As to defendants McDonald, Gower, Davey, and Chapman, plaintiff fails to state a cognizable claim.  Supervisory personnel are generally not liable under §1983 for the actions of their employees under a theory of respondeat superior and, therefore, when a named defendant holds a supervisorial position, the causal link between him and the claimed constitutional violation must be specifically alleged.  See Fayle v. Stapley, 607 F.2d 858, 862 (9th Cir. 1979); Mosher v. Saalfeld, 589 F.2d 438, 441 (9th Cir. 1978).  Plaintiff's conclusory allegations fail to "plausibly establish [these defendants'] knowledge of and acquiescence in the unconstitutional conduct of [their] subordinate[]."  Hydrick v. Hunter, 669 F.3d 937, 941 (9th Cir. 2012) (internal citations omitted).  Plaintiff will be granted leave to amend as to these defendants.

Nor does plaintiff allege the elements of a First Amendment claim against any defendant.  To prevail on a First Amendment retaliation claim, plaintiff must show: (1) an adverse action against him; (2) because of; (3) his protected conduct, and that such action; (4) chilled his exercise of his First Amendment rights; and (5) the action did not reasonably advance a legitimate correctional goal.  Rhodes v. Robinson, 408 F.3d 559, 567–68 (9th Cir. 2005).  While plaintiff's

/////

1  allegations are too vague and conclusory to state a retaliation claim against any defendant, he will
2  be granted leave to amend.
3  IV.  <u>Leave to Amend</u>
4      Plaintiff will be given 30 days from the date of service of this order to amend his
5  complaint to cure the deficiencies set forth above.  Plaintiff is not required to file an amended
6  complaint, but failure to do so will be construed as plaintiff's consent to dismiss the above-
7  mentioned defendants and causes of action with prejudice.
8      In addition, plaintiff is informed that the court cannot refer to a prior pleading in order to
9  make plaintiff's amended complaint complete.  Local Rule 220 requires that an amended
10 complaint be complete in itself without reference to any prior pleading.  This is because, as a
11 general rule, an amended complaint supersedes the original complaint.  <u>See</u> <u>Loux v. Rhay</u>, 375
12 F.2d 55, 57 (9th Cir. 1967).  Once plaintiff files an amended complaint, the original pleading no
13 longer serves any function in the case.  Therefore, in an amended complaint, as in an original
14 complaint, each claim and the involvement of each defendant must be sufficiently alleged.
15     Accordingly, IT IS HEREBY ORDERED THAT:
16     1. Plaintiff's claims against the following defendants are dismissed with leave to amend:
17 McDonald, Gower, Davey, Chapman, Harrison and Nelson;
18     2. All causes of action are dismissed with leave to amend except an Eighth Amendment
19 claim against defendant Anderson;
20     3. If plaintiff elects to amend, any amended complaint must bear the docket number
21 assigned this case and must be labeled "Amended Complaint";
22     4. If plaintiff elects to amend, the Amended Complaint shall be filed no more than thirty
23 days from the date of this order; and
24     5. Upon the filing of an amended complaint or expiration of the time allowed therefor, the
25 court will make further orders for service of process upon some or all of the defendants.
26 Dated:  May 28, 2015
27                                                  CAROLYN K. DELANEY
28 2 / adle0789.14.fee                          UNITED STATES MAGISTRATE JUDGE