UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BRENT ADLER,<br><br>    Plaintiff,<br><br>    v.<br><br>M. D. McDONALD, et al.,<br><br>    Defendants. | No. 2:15-cv-0789 TLN CKD P<br><br><br>FINDINGS AND RECOMMENDATIONS |

I. Introduction

    Plaintiff, a former state prisoner proceeding pro se and in forma pauperis, has filed this civil rights action seeking relief under 42 U.S.C. § 1983. This action proceeds on the First Amended Complaint ("FAC") filed July 2, 2015. (ECF No. 6.) The court determined that service was appropriate for defendant Anderson on the claim that Anderson violated plaintiff's Eighth Amendment right to humane conditions of confinement. (ECF No. 7; see ECF No. 5.)

    Before the court is defendant's motion for summary judgment arguing that plaintiff's claim is time-barred. (ECF No. 16.) Plaintiff has filed "objections" to summary judgment, construed as an opposition, and defendant has filed a reply. (ECF Nos. 22 & 24.) For the reasons discussed below, the undersigned will recommend that defendant's motion be granted.

////

////

II.  Summary Judgment Standards Under Rule 56

Summary judgment is appropriate when it is demonstrated that there "is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a).  A party asserting that a fact cannot be disputed must support the assertion by "citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials. . ." Fed. R. Civ. P. 56(c)(1)(A).

Summary judgment should be entered, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial.  See Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986).  "[A] complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial." Id.

If the moving party meets its initial responsibility, the burden then shifts to the opposing party to establish that a genuine issue as to any material fact actually does exist.  See Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 586 (1986).  In attempting to establish the existence of this factual dispute, the opposing party may not rely upon the allegations or denials of their pleadings but is required to tender evidence of specific facts in the form of affidavits, and/or admissible discovery material, in support of its contention that the dispute exists or show that the materials cited by the movant do not establish the absence of a genuine dispute.  See Fed. R. Civ. P. 56(c); Matsushita, 475 U.S. at 586 n.11.  The opposing party must demonstrate that the fact in contention is material, i.e., a fact that might affect the outcome of the suit under the governing law, see Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986); T.W. Elec. Serv., Inc. v. Pacific Elec. Contractors Ass'n, 809 F.2d 626, 630 (9th Cir. 1987), and that the dispute is genuine, i.e., the evidence is such that a reasonable jury could return a verdict for the nonmoving party, see Wool v. Tandem Computers, Inc., 818 F.2d 1433, 1436 (9th Cir. 1987).

////

In the endeavor to establish the existence of a factual dispute, the opposing party need not establish a material issue of fact conclusively in its favor. It is sufficient that "the claimed factual dispute be shown to require a jury or judge to resolve the parties' differing versions of the truth at trial." T.W. Elec. Serv., 809 F.2d at 631. Thus, the "purpose of summary judgment is to 'pierce the pleadings and to assess the proof in order to see whether there is a genuine need for trial.'" Matsushita, 475 U.S. at 587 (quoting Fed. R. Civ. P. 56(e) advisory committee's note on 1963 amendments).

In resolving the summary judgment motion, the evidence of the opposing party is to be believed. See Anderson, 477 U.S. at 255. All reasonable inferences that may be drawn from the facts placed before the court must be drawn in favor of the opposing party. See Matsushita, 475 U.S. at 587. Nevertheless, inferences are not drawn out of the air, and it is the opposing party's obligation to produce a factual predicate from which the inference may be drawn. See Richards v. Nielsen Freight Lines, 602 F. Supp. 1224, 1244-45 (E.D. Cal. 1985), aff'd, 810 F.2d 898, 902 (9th Cir. 1987). Finally, to demonstrate a genuine issue, the opposing party "must do more than simply show that there is some metaphysical doubt as to the material facts . . . . Where the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party, there is no 'genuine issue for trial.'" Matsushita, 475 U.S. at 587 (citation omitted).

III. Discussion

Plaintiff alleges that the events giving rise to his complaint occurred in November and December 2011 at High Desert State Prison, ending with plaintiff's transfer to another prison on December 11, 2011. (FAC at 2-4.) During this period, plaintiff alleges, defendant shut off the electricity to a group of cells including plaintiff's, disabling plaintiff's toilet and creating unsanitary conditions. (Id.)

It is undisputed that plaintiff was paroled on April 6, 2013. (ECF No. 22 at 2.) It is also undisputed that plaintiff's original complaint commencing this action was docketed on April 10, 2015. (ECF No. 1.)

Defendant argues that plaintiff had two years from his parole date to bring this action; thus his complaint, filed four days after the two-year deadline, is untimely. (ECF No. 16-2.)

1    Plaintiff argues that, because the alleged events took place while he was in prison, he
2 should receive the benefit of the "mailbox rule." (ECF No. 22.) Under the mailbox rule, a
3 prisoner's pleading is "deemed filed when he hands it over to prison authorities for mailing to the
4 relevant court." Houston v. Lack, 487 U.S. 266, 276 (1988); Huizar v. Carey, 273 F.3d 1220,
5 1222 (9th Cir. 2001). Plaintiff asserts that, under this rule, his complaint should be considered
6 filed when he placed it in the U.S. Mail on April 6, 2015. (Id.)

7    Actions brought pursuant to 42 U.S.C. § 1983 are governed by the forum state's statute of
8 limitations for personal injury actions. Wilson v. Garcia, 471 U.S. 261, 265 (1985); Jones v.
9 Blanas, 393 F.3d 918, 927 (9th Cir. 2004). In California, a two-year statute of limitations applies.
10 See Cal. Code Civ. P. § 335.1; Jones, 393 F.3d at 927. The federal court also apples the forum
11 state's law regarding tolling, including equitable tolling when not in conflict with federal law.
12 Hardin v. Straub, 490 U.S. 536, 537–39 (1989); Fink v. Shedler, 192 F.3d 911, 914 (9th Cir.
13 1999). California provides that when a litigant is incarcerated for less than life, the applicable
14 limitations period is tolled for two years on grounds of "disability." Cal. Code Civ. P. § 352.1(a).
15 See Carlson v. Blatt, 87 Cal.App.4th 646, 650 (2001) (imprisonment tolls running of limitations
16 period for two years from accrual of cause of action); Fink, 192 F.3d at 914 (same); Ellis v. City
17 of San Diego, 176 F.3d 1183, 1189 (9th Cir. 1999) (same). Thus, California inmates who remain
18 incarcerated have a total of four years from the accrual of a cause of action to file a complaint.

19    However, disability tolling ends when the prisoner is released from physical custody. See
20 Boag v. Chief of Police, 669 F.2d 587, 589 (9th Cir. 1982) (construing Oregon tolling provision
21 similar to California's and holding tolling ceased upon prisoner's release on parole); Choma v.
22 Arnold, 2012 WL 1340387, *2 (C.D. Cal. Mar. 19, 2012) (applying Boag to find that action filed
23 more than two years after inmate's release on parole was untimely). Thus, once a California
24 inmate has been released on parole, he has two years from his release date to commence a § 1983
25 action that arose during the past two years' confinement.

26    Plaintiff does not argue with this proposition. Rather, he contends that his federal
27 complaint should be considered filed as of April 6, 2015, when he placed it in the U.S. Mail,
28 exactly two years after his release date. Under the Federal Rules, a civil action is commenced by

4

filing a complaint with the court. Fed. R. Civ. P. 3. A complaint is not "filed" until it is delivered to the clerk of the district court. Fed. R. Civ. P. 5(d)(2). When papers are mailed to the clerk's office, filing is complete when the papers are received by the clerk. Cooper v. City of Ashland, 871 F.2d 104, 105 (9th Cir. 1989). Ordinarily, therefore, for a complaint to be timely, the clerk must receive it before the statute of limitations expires. (Id.)

There is no reason to apply the prison mailbox rule in this instance. When plaintiff mailed his federal complaint, he had been on parole for two years. See, e.g., Benyamini v. O'Brian, 2015 WL 5734551, n.2 (E.D. Cal. Sept. 28, 2015) (former prisoner "afforded the benefit of the prison mailbox rule for those documents he filed while he was still incarcerated"); Brooks v. Williams, 2013 WL 835973, n.4 (D. Nev. Mar. 6, 2013) ("Petitioner was out of custody and on parole, so the prison mailbox rule did not apply to determine the date of filing."). Plaintiff's argument that he became accustomed to the mailbox rule while litigating cases as a state prisoner is unavailing.

As plaintiff supplies no other basis for equitable tolling of the limitations period, defendant has carried his burden to show that plaintiff's claim is time-barred.

Accordingly, IT IS HEREBY RECOMMENDED that defendant's motion for summary judgment (ECF No. 16) be granted.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any reply to the objections shall be served and filed within fourteen days after service of the objections. The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated: May 3, 2016

_____
CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

2 / adle0789.sj_sol